CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 31, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DUSTIN DALE FARRAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00407 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HCADC BRRJ-A and OFC. LINDSEY, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

---

Plaintiff Dustin Dale Farrar, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants HCADC BRRJ-A[1] and Ofc. Lindsey. (*See* Am. Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claim against HCADC BRRJ-A will be dismissed.

In his complaint, Plaintiff alleges that, on November 5, 2025, at 2:30 p.m., while he was incarcerated at HCADC BRRJ-A, Lindsey assaulted Plaintiff despite him having "posed no threat" to the officer. (Compl. at 4.) According to Plaintiff, he was "shocked [and] caught off guard" by the assault as he had his "hands down" and was being transported to his cell by another officer. (*Id.*) Plaintiff further alleges that the other officer responded to Linsdey's assault of Plaintiff by asking Linsdey "over and over to let [Plaintiff] go" and stating that he "had [Plaintiff]." (*Id.*). Plaintiff claims that he was "never once . . . the aggressor" toward Lindsey. (*Id.*) Plaintiff also claims that, three days after the assault, he was transferred to a different facility and "was never checked on by medical after the assault[.]" (*Id.*)

---

[1] In naming this Defendant, the court understands Plaintiff to sue the Halifax County Adult Detention Center in Halifax, Virginia.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under

§ 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As noted, Plaintiff has sued HCADC BRRJ-A. (*See* ECF No. 1 at 1.) But Plaintiff's claim against this Defendant must fail. HCADC BRRJ-A, as a local jail facility, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks he capacity to be sued as a jail."). Thus, Plaintiff's claim against HCADC BRRJ-A will be dismissed. Only Plaintiff's claim against Lindsey will proceed.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 31st day of August, 2026.

*<u>/s/ Thomas T. Cullen</u>*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE